### GABE SMITH v. THE STATE.

No. 17125. Delivered January 16, 1935.
Rehearing Denied February 6, 1935.

The opinion states the case.

*Edgar H. Phelps, Albert Stein,* and *William W. Dies,* all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, death.

We find three bills of exception in the record. Bill of exceptions No. 1 is in such form as that it is difficult for us to consider same. It refers to the witnesses for the State by name, and attempts to make as part of this bill all the testimony of said witnesses as if it had been set out in the bill, and makes complaint, based on such averment, that the verdict is contrary to the evidence. The court below qualifies the bill, by himself also making the statement of facts a part of this bill of exceptions. Such a bill of exceptions brings nothing before this court for review. Without any bill, and

merely upon complaint presented in any form that the evidence is insufficient to support the verdict, this court would go carefully through the statement of facts in order to see whether the evidence there presented be sufficient to justify a conclusion of guilt and infliction of the death penalty.

Bill of exception No. 2 complains of the admission in evidence of the result of an experiment. If we understand the record, we think there is nothing in the complaint. As we understand it, appellant took the position while a witness in the case that he was inexperienced in the handling of firearms, and that he did not intend to shot or kill the deceased at the time when he by the use and exhibition of a pistol undertook to rob deceased. He claimed that while he was trying to get possession of the money of deceased, the latter unexpectedly produced and snapped a pistol, and that being himself confused and alarmed he pressed upon the mechanism of his own automatic pistol and that it fired killing deceased. Appellant testified that he heard deceased snap his pistol, before he fired his own pistol. It was further developed in evidence that the pistol of deceased and all the cartridges that were in it on the night of this homicide were presented in court and exhibited before the jury, and none of the cartridges showed any indentation thereon, and that the State's attorney asked a witness to take the cartridges, put them in the pistol, and fire one of them and bring it back so that it might be exhibited and show the indentation made upon the cap of the cartridge by the plunger of the pistol. The bill is not very well drawn, but we understand from its recitals that the objection of the appellant was to the introduction in evidence of the result of this experiment. The materiality of the matter one way or the other does not appeal to us very much, but if there be any materiality in it, we fail to see how the admission of the evidence could be hurtful to the accused.

The remaining bill of exceptions relates to the testimony of witness Cox who testified on cross-examination that at one time he thought he heard a gun snap, and thought that the gun he heard snap was in the hands of deceased. Following this testimony the experiment referred to above was indulged, and its result, when offered, was objected to as set out in bill of exceptions No. 3. For the same reasons as above stated we see no merit to the bill. Whether the deceased snapped his pistol or not would afford no justification or excuse to appellant for killing him. However, we are of opinion that upon it being claimed that the pistol was snapped, it was proper

to prove by the experiment above referred to that if the pistol had been snapped, there would have been some indentation upon the cap of the cartridge.

We are of opinion that the evidence amply supports and justifies the conclusion of guilt, and that the jury in their discretion were justified in the infliction of the extreme penalty.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant went into the store of Mr. Le Gate about nine-thirty at night, and in an effort to rob Le Gate killed him by shooting him with a forty-five caliber pistol.

We are at a loss to understand on what theory appellant reaches the conclusion that the case is one of circumstantial evidence. An eye witness testified to the facts which made out a clear case by direct testimony. Appellant himself admitted the killing, but claimed that Le Gate snapped a pistol at appellant, which so excited him that he inadvertently fired his own pistol three times. The evidence shows that Le Gate's pistol was not snapped. He would have had a perfect right to kill appellant in resisting his effort to commit a robbery. It is regrettable that appellant's pistol fired instead of Le Gate's.

We find nothing in appellant's motion to lead us to believe any mistake was made in affirming the judgment. We are led to think the jury reached a proper verdict, and that the penalty assessed was justly deserved.

The motion for rehearing is overruled.

*Overruled.*