PETE MARTIN V. THE STATE.

No. 19537.   Delivered March 16, 1938.
Rehearing denied April 20, 1938. .

The opinion states the case.

*Gray & Pope,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of murder without malice, and received a penalty of five years in the penitentiary.

Briefly, the facts show that one Sam Broughton had had a previous disagreement with appellant, and they met at a negro church on August 16, 1936, and during a difficulty, in which a pistol was produced by appellant, one Mote Butler received a shot in the back which severed his spinal cord, from the results of which he soon died.

There is but one complaint in the record as evidenced by appellant's bills of exception, all of which relate to the same thing; that is, a supplemental charge of the court, as designated by appellant's attorneys, on accidental shooting of a person other than the one who was supposed to be the cause of appellant's enmity. The court gave the same charge as applied to a shooting by appellant with malice, and a second paragraph relating to a shooting without malice. Necessarily the first paragraph, that of a shooting with malice, passes out of the case because of the jury's returning a verdict of guilty of such shooting without malice.

The portion then left in such supplemental charge reads as follows: "You are further instructed that if you find and believe from the evidence, beyond a reasonable doubt, that the defendant was undertaking to shoot and kill Sam Broughton without malice aforethought, under the instructions given you in the main charge, and unintentionally killed Mote Butler, then the defendant would be guilty of murder without malice aforethought, unless you acquit the defendant under the law of self-defense as given you in the main charge."

The appellant's attorneys objected to such charge on the ground that the same was on the weight of the evidence, and that the charge should have gone further and set out the doctrine of self-defense as applied to this phase of the court's charge. We are unable to agree with the appellant that this charge is upon the weight of the evidence. We think the charge, if justified by the testimony, which we do not assert, was a fair safeguard of the appellant's rights, especially in view of the court's charge on self-defense, which is as follows: "Bearing in mind the foregoing instructions, if the jury shall believe from the evidence, or if you have a reasonable doubt thereof, that at the time the defendant shot and killed the deceased, if he did, from some act or demonstration then made, or from some word or words then spoken, coupled with some act or demonstration then made on the part of the deceased, Mote Butler, or on the part of Sam Broughton, it reasonably appeared to the defendant that the deceased and Sam Broughton, or either the deceased or Sam Broughton, was or were making an attack upon the defendant, or about to make an attack upon the defendant, and it reasonably appeared to the defendant, viewed from his standpoint at the time, with all the facts and circumstances within his knowledge, that he was in danger of losing his life or suffering serious bodily injury at the hands of the deceased and Sam Broughton, or at the hands of either the deceased or Sam Broughton, at that time, and that the defendant shot and killed the deceased under a reasonable apprehension or fear of death or serious bodily injury, then you will find the defendant not guilty and so say by your verdict."

It will be noted therefrom that not only was the appellant allowed the right of self-defense against the acts or apparent acts of Mote Butler, but also those of Sam Broughton either acting together or separately. The appellant did not take the stand, and the jury was not told whether he killed Mote Butler intentionally or accidentally. That he intended to kill some one they had a right to infer from his acts at the time. If he intended to kill Sam Broughton and accidentally killed Mote Butler, then Article 42, P. C., declares that "One intending to commit a felony, and who in the act of preparing for or executing the same shall through mistake or accident do another act which, if voluntarily done, would be a felony, shall receive the punishment affixed to the felony actually committed"; and he would be guilty of killing Mote Butler under the same state of mind that he was laboring under when he tried to kill Sam Broughton, and if he was only trying to kill Broughton in his own necessary self-defense, then the court's charge above quot-

ed gives him that same right of self-defense against either or both Broughton and the deceased Butler. Such seems to us to be the law, and we see no reason why this supplemental charge is not a correct one, if called for by the evidence.

Finding no error herein, the judgment is affirmed.

### ON MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—Appellant predicates his motion for rehearing alone upon the ground that the "judgment is contrary to the settled rules of law governing pleadings and informations and complaints. We quote the indictment, as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

"THE GRAND JURORS, for the County of Smith, State aforesaid, duly organized as such at the November Term, A. D. 1936, of the District Court for said county, upon their oaths in said Court present that Pete Martin on or about the 16th day of August A. D. one thousand nine hundred and thirty-six and anterior to the presentment of this Indictment, in the County of Smith and State of Texas, did then and there unlawfully, voluntarily, and with malice aforethought, kill and murder Mote Butler by then and there shooting him with a gun, against the peace and dignity of the State.

"T. B. McConnell
"Foreman of the Grand Jury."

The indictment appears to sufficiently charge the offense of murder.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.