**Tommy POTTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46580.**

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

---

George D. Street, Dallas, for appellant.

Henry Wade, Dist. Atty. and John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder; the punishment, twenty-five (25) years.

By his first ground of error appellant challenges the sufficiency of the evidence to show that appellant was acting with his malice aforethought when he fired the shot that killed Mary Carroll, the injured party named in the indictment. The State takes the position, and we agree, that the evidence is sufficient to show that appellant was actuated by his malice aforethought when he pointed his pistol at Ike Potts and fired the same and that such malice, under Art. 42, Vernon's Ann.P.C., carried over to the killing of Mary Carroll, who was actually shot by the discharge of the pistol. Appellant admitted firing at Ike, but contends he was acting in his own self-defense. The jury was charged on the law of self-defense and by their verdict refused to accept the same. They also rejected under an appropriate charge on accident the contention that the second shot fired in Ike's direction was also fired in an effort to scare Ike and not to kill him but accidentally killed the deceased.

We do not find this to be a case where the circumstantial evidence relied upon by the prosecution was obviously weak as in Ysasaga v. State, Tex.Cr.App., 444 S.W.2d 305, relied upon by appellant. The affidavit attached to appellant's brief allegedly from a witness at the trial may not be considered. Grayson v. State, 91 Tex.Cr.R. 137, 236 S.W. 1110.

Recently in Ortegon v. State, Tex. Cr.App., 459 S.W.2d 646, we had occasion to reaffirm the rule that "proof of the intentional shooting of one with a gun is sufficient to authorize a jury to find that the shooting was actuated by malice".

In Covert v. State, Tex.Cr.App., 113 S. W.2d 556, this Court upheld a conviction where a defendant shot at one person intending to hit him and accidentally shot another. See also Martin v. State, 134 Tex.Cr.R. 379, 115 S.W.2d 913.

Appellant's first ground of error is overruled.

His second ground of error is that his trial counsel demonstrated that he was ineffective when he failed to object to questions propounded to appellant at the guilt stage about prior convictions which were inadmissible because of the rule of remoteness.

Appellant was first questioned about a conviction which occurred in 1966 and admitted his identity. This was followed by questions about 1965 convictions, then a 1960 conviction, and finally the 1958 and 1953 convictions, all of which involved moral turpitude.

In Castillo v. State, Tex.Cr.App., 411 S. W.2d 741, we pointed out that the intervening convictions demonstrated the accused's failure to reform, thus making the earlier convictions admissible.

Finding no reversible error, the judgment is affirmed.