**Eddie Lee ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 54023–54025.**

Court of Criminal Appeals of Texas.

March 16, 1977.

---

**64**

Peter Torres, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles T. Conaway, Fred Rodriguez and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are appeals from convictions for the offense of capital murder. Punishment was assessed at death in each cause. See V.T.C.A., Penal Code, Section 19.03, and Article 37.071, V.A.C.C.P.

On July 15, 1974, appellant and two companions shot and killed Andy Anderson, Verna Lee Harris and George Tatum during the course of committing an armed robbery at the Terrace Drugstore in San Antonio. In view of our disposition of these appeals, further discussion of the facts is not necessary.

Appellant contends that the trial court erred in not permitting a psychologist to give testimony at the punishment stage of the trial relating to one of the three issues that are submitted to the jury under the provisions of Article 37.071, supra,—whether a probability exists that a defendant would commit criminal acts of violence which would constitute a continuing threat to society. We agree and reverse.

Pursuant to Article 37.071(b)(1), (2), supra, the court submitted questions to the jury inquiring if they found from the evidence beyond a reasonable doubt (1) that the conduct of the appellant which caused the death of the deceased individuals was committed deliberately and with the reasonable expectation that the death of the deceased or another would result; and (2) that there is a probability that the appellant would commit criminal acts of violence that would constitute a continuing threat to society.

Article 37.071(a), supra, provides in pertinent part that "[I]n the proceeding, evidence may be presented as to any matter that the court deems relevant to sentence. . . . . ."

This Court has stated that in determining the likelihood of whether or not a defendant would be a continuing threat to society, the jury could consider whether the defendant had a significant criminal record. It could consider the range and the severity of his prior criminal conduct. It could further look to the age of the defendant and whether or not at the time of the commission of the offense he was acting under duress or under the domination of another. It could also consider whether the defendant was under an extreme form of mental or emotional pressure, something less, perhaps, than insanity but more than the emotions of the average man, however inflamed, could withstand. *Jurek v. State*, Tex.Cr. App., 522 S.W.2d 934 at 939, 940 (1975), and cited with approval in *Livingston v. State*, Tex.Cr.App., 542 S.W.2d 655 (1976); *Gholson and Ross v. State*, Tex.Cr.App., 542 S.W.2d 395 (1976), and *Granviel v. State*,

Tex.Cr.App., —— S.W.2d —— (1976). Apparently, the United States Supreme Court views our statute in the same light. In upholding the constitutionality of V.T.C.A., Penal Code, Section 12.43, Capital Murder, in *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976), that Court said: "A jury must be allowed to consider on the basis of all relevant evidence not only why a death sentence should be imposed, but also why it should not be imposed." In addressing itself specifically to the issue to be presented to the jury under Article 37.-071(b)(2):

"Whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society",

the Supreme Court said:

"What is essential is that the jury have before it all possible relevant information about the individual defendant whose fate it must determine. Texas law clearly assures that all such evidence will be adduced." See also *Granviel v. State*, supra.

That Court further wrote:

"By authorizing the defense to bring before the jury at the separate sentencing hearing whatever mitigating circumstances relating to the individual defendant can be adduced, Texas has ensured that the sentencing jury will have adequate guidance to enable it to perform its sentencing function. . . . Because this system serves to assure that sentences of death will not be 'wantonly' or 'freakishly' imposed, it does not violate the Constitution. *Furman v. Georgia*, 408 U.S. [238], at 310, 92 S.Ct. [2726] at 2762, 33 L.Ed.2d 346."

See and compare *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), and *Profitt v. Florida*, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).

In *Moore v. State*, Tex.Cr.App., 542 S.W.2d 664 (1976), we held that it was proper for two psychiatrists to give testimony at the punishment stage of the trial relating to the issue of whether or not a probability existed that the defendant would commit criminal acts of violence which would constitute a continuing threat to society. In *Moore*, Dr. Holbrook testified that he examined the appellant and found him to be a sociopath of the anti-social type, who was not mentally insane but who had no respect for anyone else's property or life, and he further expressed the opinion that the probability was very great that appellant would commit further acts of violence and he showed no remorse for the offense for which he was being tried. Additionally, Dr. Grigson testified that Moore was a severe sociopath who was extremely dangerous and who had no regard for the life or property of another and would continue to present an absolute threat to whatever society he was involved in. Grigson also testified that there was no known cure for appellant's condition. See also, *Livingston v. State*, Tex.Cr.App., 542 S.W.2d 655 (1976); *Granviel*, supra; and *Smith v. State*, Tex.Cr.App., 540 S.W.2d 693 (1976).

In *Gholson and Ross*, we also held that the psychiatric opinion of Dr. Holbrook was admissible at the punishment stage even though the opinion was formed at an interview which was made in the absence and without the knowledge of his counsel. Holbrook testified that Gholson and Ross were sociopaths who would continue to be a danger to society and were likely to commit criminal acts of violence in the future. Dr. Grigson, who had been appointed by the court only to determine Gholson's competency to stand trial, was also allowed to testify at the punishment phase. His conclusions were essentially the same as voiced by Dr. Holbrook.

Thus, it would appear that the statute allows a trial judge broad discretion in determining just what constitutes "relevant evidence" at an Article 37.071, supra, proceeding.

Dr. Lawrence S. Schoenfeld, a clinical psychologist from the University of Texas Medical School at San Antonio, was called as a witness by appellant at the punishment stage of the proceedings. The record contains an extensive recitation of his education, background, and experience qualifying

him as an expert in the field of clinical psychology, which is a study of human behavior. Dr. Schoenfeld stated that he had administered a series of behavioral tests to appellant but, when asked to give his professional opinion as to appellant's propensity for violent behavior in the future, the prosecutor objected and the court refused to allow him to state his opinion. Outside the presence of the jury, Dr. Schoenfeld testified as follows:

> "Q And did you in administering tests make certain determinations as to the propensity of Eddie Lee Robinson to commit acts of violence in the future?
>
> "A Yes, I did.
>
> "Q All right, sir. Now, what was the basis of your conclusions, or on what did you conclude whether Eddie Lee Robinson has or has not the propensity for committing acts of violence in the future?
>
> "A The basis of my conclusions is on his ability to control impulses that he has, a lack of evidence supporting a lot of aggressive impulses or hostile impulses, good reality testing, fairly good planning and fairly good control.
>
> "Q And—
>
> "A That in effect he was not an impulse-ridden character without control.
>
> \*    \*    \*    \*    \*    \*
>
> "Q Based on your testing of Eddie Lee Robinson what conclusion did you draw as to the propensity of Eddie Lee Robinson to commit acts of violence in the future?
>
> "A I would not predict future acts of violence.
>
> "Q What you're saying is, Eddie Lee Robinson does not have the propensity to commit acts of violence in the future, is that right?
>
> "A Yes."

Testimony to the contrary on behalf of the State has been held admissible at the punishment stage of the trial. A good rule of evidence works both ways. We hold that testimony on the same issue is admissible on behalf of a defendant. The Supreme Court of the United States in *Jurek v. Texas*, supra, upheld the constitutionality of our statutes in capital murder cases because Texas law assures that all relevant information about a defendant will be adduced. To allow only the State to present such evidence would deny a defendant his rights under Article 37.071, supra, and the Constitution of the United States as construed by the Supreme Court in the *Jurek* case.

For the reason stated, the judgments are reversed and the causes are remanded.