**Sammie FELDER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58049.**

Court of Criminal Appeals of Texas, En Banc.

April 26, 1978.

Robert J. Montgomery, Pasadena, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Jack D. Bodiford, Asst. Dist. Attys., Houston, for the State.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for capital murder; punishment is assessed at death. The indictment charges that appellant intentionally caused the death of James Hanks by cutting and stabbing him with a pair of scissors while in the course of committing the offense of robbery.

Appellant does not challenge the sufficiency of the evidence of his guilt. However, he does question the sufficiency of the evidence with regard to punishment, and contends that the trial court admitted improper evidence during the punishment phase of the trial.

The deceased, who was a quadraplegic, was a resident at an apartment complex in Houston designed and operated as a residence for paraplegics and quadraplegics. Appellant was an employee at this complex. The evidence, which includes appellant's

written confession, establishes that on the night of March 14, 1975, appellant armed himself with a pistol and went to the apartments to "prowl around . . . looking for something to steal." Appellant entered the deceased's unlocked apartment and, after looking around for a few minutes, found a camera in a closet. He then approached the bed in which the deceased was sleeping and attempted to slip his hand under the pillow, where the deceased was known to keep his wallet containing a large amount of cash. The deceased awoke and said, "Sammie, what are you doing?" Appellant placed a pillow over the deceased's face, and after the deceased began shouting for help, appellant stabbed the deceased repeatedly in the neck and head with a pair of scissors he found on the night stand beside the bed. After the deceased stopped shouting, appellant took the wallet and camera and fled. The deceased died as a result of a stab wound in the temple which penetrated his brain.

After leaving the apartment complex, appellant had his brother drive him to the airport, from which he took a flight to Denver. On the way to the airport, he threw the deceased's wallet and the scissors from the automobile. Appellant remained in Denver for approximately one month, during which time he told a friend about the offense. Appellant left Denver in a stolen car, and was apprehended in Idaho Falls, Idaho, on April 14, 1975, after he was observed committing a traffic violation.

The preceding evidence was adduced during the guilt phase of the trial. During the punishment phase, the State also introduced evidence that appellant possessed a pistol at the time of his arrest in Idaho and that appellant had been three times convicted of burglary. Appellant contends that the evidence of the prior convictions was erroneously admitted because of the prejudice such evidence created with regard to the issue of whether his conduct was deliberate. Art. 37.071(b)(1), V.A.C.C.P.

■ During the punishment phase of a capital murder trial, evidence may be presented as to any matter that the trial court deems relevant to punishment. Art. 37.071(a), V.A.C.C.P. That appellant had been convicted three times for the offense of burglary is relevant to punishment, particularly with regard to whether there is a probability that appellant would commit criminal acts of violence that would constitute a continuing threat to society. Art. 37.071(b)(2), V.A.C.C.P.; *Burns v. State,* 556 S.W.2d 270 (Tex.Cr.App.1977); *Brock v. State,* 556 S.W.2d 309 (Tex.Cr.App.1977). Although burglary is not an offense involving violence against persons, it is nevertheless admissible for the jury's consideration. Art. 37.071(a), supra. The trial court did not abuse its discretion in admitting the evidence.

■ Appellant, who offered no evidence during the trial, contends that the State's evidence is insufficient to support the jury's affirmative answer to the second special issue. Art. 37.071(b)(2), supra. We disagree. The evidence discloses that three terms of imprisonment have had little, if any, effect on appellant's propensity to commit criminal acts. On the night of the instant offense, appellant armed himself with a pistol, and when he was recognized by the deceased, he brutally stabbed him even though the deceased was physically unable to stop or pursue appellant. At the time of his arrest, appellant was also armed with a pistol. This evidence is sufficient to support the jury's determination that appellant would commit criminal acts of violence that would constitute a continuing threat to society. Art. 37.071(b)(2), supra. Cf. *Warren v. State,* 562 S.W.2d 474 (Tex.Cr.App., delivered March 1, 1978).

■ Appellant contends that "improper acts" by the prosecutor throughout the trial "taken as a whole inflamed and prejudiced the jury to the extent that the [appellant] was not granted a fair trial." This ground of error does not comply with Art. 40.09, V.A.C.C.P. *Love v. State,* 533 S.W.2d 6 (Tex.Cr.App.1976). However, appellant's argument refers to a specific instance of allegedly improper argument by the prosecutor, which we shall consider in the interest of justice. This argument, which occurred during the punishment phase of the trial, is as follows:

"MR. BODIFORD: . . . And so do you believe that the Defendant acted deliberately when he goes into James Hanks' apartment with a pistol? And he tells you what he is going to do with the pistol if he is caught in there. He told Edith Cobb that he took that pistol there and he was going to use it if anybody tried to stop him.

"MR. MONTGOMERY: I am going to object to that, Your Honor. That argument is outside the evidence in this case.

"THE COURT: Ladies and gentlemen of the jury, you have heard the evidence, and you will be guided by the testimony that comes from the witness stand solely.

"MR. BODIFORD: Do you remember her testimony? Isn't that her testimony? She said he took that pistol with him. He told her that. And he was going to use it if anybody tried to stop him.

"MR. MONTGOMERY: We renew our objection, Your Honor.

"THE COURT: Overruled.

"MR. BODIFORD: You know, some lawyers just keep trying to object to break the prosecutor's train of thought when he gets a little warm.

"MR. MONTGOMERY: We are going to object to that, Your Honor.

"THE COURT: Sustained.

"MR. MONTGOMERY: There is a motion in limine that stops that sort of thing, Your Honor, and we are going to ask the jury be instructed to disregard that remark and ask for a mistrial in violation of that motion in limine.

"THE COURT: Ladies and gentlemen of the jury, you will disregard the last remark of counsel."

The record reveals that Edith Cobb testified, without objection, that appellant told her that on the night of the offense "he had a gun in case anyone tried to stop him." The prosecutor's argument was, therefore, within the scope of the evidence. The prosecutor's side-bar remark, that lawyers sometimes object in order to break the prosecutor's train of thought, was improper. However, this impropriety was cured by the trial court's prompt instruction to the jury.

*Young v. State,* 547 S.W.2d 23 (Tex.Cr.App. 1977); *Graves v. State,* 513 S.W.2d 57 (Tex. Cr.App.1978).

Appellant also contends that Art. 43.14, V.A.C.C.P., providing that the sentence of death shall be carried out by lethal injection, is an unconstitutional delegation of legislative authority. This issue has been resolved contrary to appellant's position. *Ex parte Granviel,* 561 S.W.2d 503 (Tex.Cr.App.1978).

Finally, appellant contends that the order overruling his motion for new trial establishes that he was not present at the hearing on the motion. This contention is based on the order which states at one point that "the Defendant, Daniel Joseph Richard," appeared at the hearing in person and by counsel.

Our review of the record discloses that this is a clerical error. The order in question is styled *"The State of Texas vs. Sammie Felder, Jr."* The order twice refers to "the Defendant, Sammie Felder, Jr." Furthermore, the transcription of the court reporter's notes taken at the hearing on appellant's motion for new trial clearly establishes that appellant was present. We will not reverse a conviction because of an obvious clerical error. *Bishop v. State,* 507 S.W.2d 745 (Tex.Cr.App.1974).

The judgment is affirmed.