Randy Glenn GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 61914.

Court of Criminal Appeals of Texas, En Banc.

Oct. 3, 1979.

Kenneth Valka, on appeal only, Houston, for appellant.

Carol S. Vance, Dist. Atty., Michael C. Kuhn, Doug Shaver and Tenny G. Wilson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of capital murder. The punishment was assessed at death.

Appellant complains of the admission at the punishment stage of testimony concerning an extraneous offense and opinion testimony concerning appellant's character. He also contends that the arguments of counsel at the guilt-innocence stage were improperly presented prior to the reading of the court's charge to the jury, and the prosecutor violated appellant's right to remain silent by commenting on his failure to call certain witnesses.

The evidence, which includes appellant's written confession, establishes that on the night of June 28, 1976, appellant robbed and fatally beat Harold Robinson, the owner of a tavern in Baytown. During the same criminal episode, appellant raped and severely beat a female employee of the tavern.

On November 5, 1976, appellant entered a plea of guilty in the circuit court of Yazoo County, Mississippi, to the offense of the murder of Beverly Clark on July 31, 1976. He was sentenced to imprisonment for life in the Mississippi Department of Corrections.

At the punishment stage of appellant's trial, the State called as a witness William Jennings, a Yazoo County deputy sheriff. Appellant contends that the trial court erred in permitting Jennings to testify as follows:

"Q. Can you tell the members of the jury where you found the body of Beverly Ann Morris Clark?

"A. In a shallow ditch in Beach Hill Estates, Yazoo County.

"Q. What time on August 1st did you find her body?

"A. 4:15 p. m.

"Q. Can you tell the members of the jury what age Beverly Ann Morris Clark was?

"A. Eighteen.

"Q. What was she wearing, if anything?

"A. Nothing.

"Q. How was her body positioned when you first found it?

"A. She was laying face up in the ditch.

"Q. What injuries were evident or obvious to you when you found the body of the deceased, Beverly Ann Morris Clark?

"MR. BARNETT: If your Honor please, we object to that. He can't say who put the injuries there. We don't think a description of this body has anything to do with this particular case. We think it's irrelevant and immaterial and being offered solely and only in prejudicing the jurors against this defendant.

"THE COURT: That objection is overruled.

"Q. (By Mr. Wilson) Deputy Jennings, could you tell the members of this jury what injuries you saw on the person of the deceased, Beverly Ann Morris Clark?

"A. The upper part of her body and head were dark, discolored, blue.

The eyes were bugged out and her tongue was swelled out. There was blood and several holes across the upper part of her chest."

Prior to this testimony, during voir dire examination of Jennings outside the presence of the jury, the trial court had sustained appellant's objection to the introduction of photographs of Clark's body, but overruled his objection to a verbal description of the body. This earlier objection was substantially the same as the objection voiced during Jennings' testimony before the jury.

While appellant does not question the admissibility of the Mississippi offense, he contends that it was improper to permit the State to show the details of the offense, citing *Lege v. State,* 501 S.W.2d 880 (Tex. Cr.App.1973) and *Mullins v. State,* 492 S.W.2d 277 (Tex.Cr.App.1973). These cases involved the application of Art. 37.07, Sec. 3, V.A.C.C.P. Under Art. 37.071(a), V.A.C. C.P., which does apply to capital cases, the trial court is given wide discretion in admitting and excluding evidence at the punishment stage insofar as the relevance of the evidence is concerned. *Porter v. State,* 578 S.W.2d 742 (Tex.Cr.App.1979). The trial did not abuse its discretion by admitting evidence that appellant had committed a similar murder approximately one month after the charged offense. *Wilder v. State,* 583 S.W.2d 349 (Tex.Cr.App.1979); *Garcia v. State,* 581 S.W.2d 168 (Tex.Cr.App.1979); *Hammett v. State,* 578 S.W.2d 699 (Tex.Cr. App.1979); *Gholson v. State,* 542 S.W.2d 395 (Tex.Cr.App.1976); *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). It was within the court's discretion to refuse to admit the photographs but to admit the testimony.

Appellant contends that Jennings should not have been permitted to testify because the police reports on which his testimony was based were not made available to the defense, citing *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Appellant asserts that these reports would have contained information tending to impeach Jennings' testimony.

At the pretrial hearing on appellant's discovery motion, the trial court refused to order the immediate disclosure of the Mississippi police reports but ordered the State to have the reports available for inspection during the trial should they become material. Appellant expressed his satisfaction with this arrangement. The record reflects that appellant did not subsequently ask to examine and to use for cross-examination the police reports referred to by Jennings during his testimony, and did not object to his testimony on this ground. In the absence of a request by appellant to examine the police reports, constitutional error is presented only if there is a showing that undisclosed evidence exists which creates a reasonable doubt that did not otherwise exist. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Villarreal v. State,* 576 S.W.2d 51 (Tex.Cr.App.1978). Appellant has made no such showing, nor is there any support in the record for his contention that the State suppressed the police reports. This ground of error is overruled.

Following his arrest in Mississippi, appellant was admitted to the Mississippi State Hospital at Whitfield for observation and testing. Two of the doctors who examined appellant during his six-week stay in the hospital were Donald Guild, Director of Forensic Psychiatry at the hospital, and Charlton Stanley, a staff psychologist. At the punishment stage, Guild and Stanley were questioned extensively concerning the opinions they had formed as a result of their examination of appellant. Among other things, both doctors testified that appellant was without psychosis and competent to stand trial, but that he had an anti-social or psychopathic personality. The doctors also testified, contrary to appellant's defensive contention, that appellant's conduct on the night of the Houston murder was not precipitated by his habitual heavy use of alcohol and that his conduct was deliberate. Both doctors stated that, in their opinion, it was probable that appellant would commit acts of violence in the future and be a continuing threat to society.

Appellant contends that the trial court erred in permitting Guild and Stanley to

testify because the State refused to make available to the defense the records and reports on which the two doctors based their testimony, again citing *Brady v. Maryland,* supra. However, at no time did appellant object to Guild's testimony on this ground. Appellant did raise this point in an objection during Stanley's testimony, but the objection was directed to a specific question which was withdrawn by the State and which the jury was instructed to disregard.

■ Moreover, the record does not sustain appellant's contention that the defense was denied access to the psychiatric reports. During his cross-examination of Stanley, appellant's defense counsel asked for and was given the records from which Stanley testified, and a recess was taken in order to give counsel time to examine them. Stanley was cross-examined extensively from these records, and testified that they were the same records used by Guild in his earlier testimony. Appellant did not ask that Guild be recalled for further cross-examination. Appellant's contention is without support in the record and is overruled.

Appellant also contends that Jennings, Guild, and Stanley should not have been permitted to testify because their names did not appear on the State's list of witnesses. Again, appellant did not raise this objection in the trial court. Moreover, appellant neither requested that the witness list be included in the record nor objected to the record because of its exclusion. Nothing is presented for review.

■ Appellant contends that the trial court erred by permitting the arguments of counsel to be made prior to the reading of the charge. Art. 36.14, V.A.C.C.P. This contention is not supported by the record. The following entry appears on the docket sheet for November 14, 1977:

"Trial resumed at 1:05 P.M. . . . Court's charge having been prepared and presented to counsel for both sides on Friday, November 11, 1977, was filed; no objections or exceptions to the charge were filed; at 1:25 P.M. charge was read to jury and each side was granted 45 minutes for argument; State waived

opening and reserved right to close; defense argument began at 1:40 P.M. and concluded at 2:15 P.M. State's argument began at 2:15 P.M. and concluded at 2:24 P.M. Jury retired to deliberate at 2:25 P.M. . . ."

This ground of error is overruled.

■ Appellant's final contention is that the prosecuting attorney commented on appellant's failure to testify when he argued:

"Let me not also forget to tell you that the defense has subpoena powers in this case. They could have brought forth witnesses had they desired. Let me refer you to and got back to this confession and those names mentioned. They could have brought those in if those men had something different to say."

This was a comment on appellant's failure to call available witnesses, not on his failure to personally testify. See *Lyles v. State,* 582 S.W.2d 138 (Tex.Cr.App.1979). In addition, appellant did not object to this statement, and the error, if any, was not preserved. *Earnhart v. State,* 582 S.W.2d 444 (Tex.Cr.App.1979).

The judgment is affirmed.

ROBERTS, J., not participating.