**William Prince DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62777.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 20, 1980.

Rehearing Denied April 9, 1980.

Thomas C. Dunn, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus and Kenneth W. Sparks, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Appellant was convicted of capital murder, occurring during a robbery. Punishment was assessed by the jury at death.

Michael Lang, the deceased's son, testified that he and his father were closing up the Red Wing Ice Cream Company on the night of June 2, 1978, when Davis entered the building and robbed them. Lang testified that Davis came through the front door, ordered everyone up against the wall, and then immediately shot the deceased. Lang stated that the only thing he could remember was his father raising his hands "like he was going to back up" before he was shot. On cross-examination, Lang testified that he told the police that he did not know if his father had made a move to get Davis' gun.

The State introduced Davis' written confession where Davis stated: "[I] stood in the doorway and said 'Don't nobody move.' As I was saying this, a man was moving toward me and I shot him one time." Davis also admitted committing at least five robberies and thirteen other burglaries.

At the guilt stage of the trial appellant offered an oral statement made to an officer the day before the written confession was made to another officer. Outside the jury's presence, the first officer testified that Davis said, "I had to shoot the man. He was going to take the gun away from me." The statement was excluded on the grounds that it was irrelevant on any issue of Davis' guilt. The prosecutor stated that "if anything, it might tend to show mitigation of punishment, but that would certainly be available to the defendant by way of testimony through the defendant at the punishment hearing . . . ."

Davis argues that the exclusion of this evidence constitutes reversible error under Article 38.24, V.A.C.C.P. We disagree.

In *Armour and Wilder v. State*, 583 S.W.2d 349 (Tex.Cr.App.1979), we held that the capital murder statute, V.T.C.A., Penal Code, Section 19.03, applied to a defendant even though it was the co-defendant who committed the murder during a robbery. See *Livingston v. State*, 542 S.W.2d 655 (Tex.Cr.App.1976).

V.T.C.A., Penal Code, Section 6.03(a) provides:

"A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result."

V.T.C.A., Penal Code, Section 6.04, provides:

"(a) A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, . . .

"(b) A person is nevertheless criminally responsible for causing a result if

the only difference between what actually occurred and what he desired, contemplated, or risked is that:

"(1) a different offense was committed; or

" * * * "

The evidence shows that Davis went to the Red Wing Ice Cream Company with a pistol in order to commit robbery; the robbery was, thus, intentional conduct as defined in Section 6.03(a), supra. The death of Lang would not have occurred but for Davis' conduct. See *Blansett v. State*, 556 S.W.2d 322 (Tex.Cr.App.1977). Under the prior penal code, we held that proof of the intentional shooting of one with a gun was sufficient to justify a conviction for murder with malice. *Potts v. State*, 500 S.W.2d 156 (Tex.Cr.App.1973); *Ortegon v. State*, 459 S.W.2d 646 (Tex.Cr.App.1970). Where the defendant intends to commit a robbery and actually does so, the shooting of the victim, even though accidental, it is still an unlawful killing. *Smith v. State*, 154 Tex.Cr.R. 234, 225 S.W.2d 846 (Tex.Cr. App.1949).

In *Dickson v. State*, 463 S.W.2d 20 (Tex. Cr.App.1971), this Court wrote:

" . . . The robber has no right of self-defense against the owner of the property sought to be taken if the owner would be justified in killing to recover the property or to prevent the offense. *McKee v. State*, 118 Tex.Cr.R. 479, 42 S.W.2d 77; *Smith v. State*, 128 Tex.Cr.R. 34, 78 S.W.2d 621; *Jones v. State*, 149 Tex.Cr.App. 441, 195 S.W.2d 349; 29 Tex. Jur.2d, Homicide, Sec. 46."

Therefore, the issue of why Davis shot Lang is not relevant to the issue of his guilt or innocence for Lang's death. The evidence should have been admitted under Article 38.24, V.A.C.C.P., which provides that when a part of an act is given in evidence by one party the whole on the same subject may be inquired into by the other, the exclusion of Davis' oral statement was error but harmless under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Harrington v. Cali-*

*fornia*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), because such statement did not affect his guilt.

It was admissible at the penalty stage of the trial, but it was not offered.

Next, he contends that the trial court erred in admitting the details of four prior convictions into evidence at the punishment phase. Specifically, the State, after admitting the judgments of the four prior convictions, called several witnesses to the stand who testified to the details of the events which formed the bases of the convictions.

■ Article 37.071, V.A.C.C.P., expressly permits the introduction of any evidence the court deems relevant at the punishment phase. In *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976), the United States Supreme Court held that the jury must have all relevant information before them when deliberating on the fate of any given defendant. One of the factors listed as relevant in *Robinson v. State*, 548 S.W.2d 63 (Tex.Cr.App.1973), was the range and severity of a defendant's prior criminal conduct. Evidence of that conduct has been held admissible in the absence of evidence of a final conviction. *Felder v. State*, 564 S.W.2d 776 (Tex.Cr.App.1978). This Court has also held admissible the details of a crime committed one month after the crime of the case at bar. *Green v. State*, 587 S.W.2d 167 (Tex.Cr.App.1979). There was no error in admitting the evidence.

There is no reversible error. The judgment is affirmed.

CLINTON, Judge, *dissenting*.

In my opinion the Court is heading for constitutional trouble in its tendency to construe Article 37.071, V.A.C.C.P., as *carte blanche* for receiving any and every bit of derogatory evidence against an accused. This, I believe, turns the purpose of the provision, as well as the interpretative gloss of intent given by the Supreme Court of the United States in *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976), on its head. Indeed, while this Court did say in its *Jurek* opinion, 522

S.W.2d 934, 940, that the jury could consider that range and severity of his "prior criminal conduct"—a phrase that does not necessarily embrace "details" of his prior offenses—the principle enunciated was that the "quality of discretion" exercised by the jury and "the manner in which it is applied" are what "must be controlled." In my view, we enhance neither by the opinion of the Court rendered today.

Accordingly, I respectfully dissent.

PHILLIPS, J., joins.