MEMORANDUM OPINION


No. 04-03-00311-CR

No. 04-03-00312-CR


Jimmy Ray GORMAN,

Appellant


v.


The STATE of Texas,

Appellee


From the 290th Judicial District Court, Bexar County, Texas

Trial Court Nos. 2002-CR-5084 & 2002-CR-5085-A

Honorable Sharon MacRae, Judge Presiding


Opinion by: Paul W. Green, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice

 

Delivered and Filed: November 3, 2004

AFFIRMED


 Appellant, Jimmy Ray Gorman, was charged with being a felon in possession of a
weapon; possessing a prohibited weapon; possessing a weapon in a prohibited place; and
aggravated robbery with a deadly weapon. The causes were tried together before a jury
which found Gorman guilty and sentenced him to ninety-nine years imprisonment on each
count. Gorman appeals on four issues. Because the issues in this appeal involve the
application of well-settled principles of law, we affirm the conviction in this memorandum
opinion. See Tex. R. App. P. 47.4.

 1. In his first issue, Gorman argues the trial court erred in denying his requested jury
instruction on the law of self defense. Gorman was charged with aggravated robbery with
a deadly weapon. A person committing the offense of robbery generally has no right of self-defense against his intended victim. See Dillard v. State, 931 S.W.2d 689, 697 (Tex.
App.--Dallas 1996, pet. ref'd.) (citing Davis v. State, 597 S.W.2d 358, 360 (Tex. Crim. App.
1980)). This issue is overruled. 

 2. In his second issue, Gorman asserts the trial court erred in admitting into evidence
photographs which displayed his swastika tattoo. Gorman testified that he was disabled and
unable to walk or stand without assistance. The photograph was admitted to show Gorman
was identifiably able to stand without the aid of crutches. No abuse of discretion is
demonstrated and the issue is overruled. See Jones v. State, 944 S.W.2d 642, 652 (Tex.
Crim. App. 1996) (photographs of gang members, in which defendant was identifiable, were
not more prejudicial than probative). 

 3. In his third issue, Gorman argues the trial court erred in failing to instruct the jury
regarding the lesser included offense of assault. Assuming assault is a lesser included
offense of aggravated robbery, there is no evidence in the record to support a finding of
assault. Gorman testified he acted in self defense or defense of a third party. That is
evidence of no offense, not the offense of assault. This issue is overruled. See Saunders v.
State, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992). 

 4. In his fourth issue, Gorman urges the trial court erred in permitting the State to
cross-examine him about an unadjudicated escape offense. Gorman testified that he had
medical problems which forced him to wear a knee brace that rendered him disabled and
incapable of committing the offense charged. The escape offense is relevant to show the
State's contention that Gorman did not need a knee brace. No abuse of discretion is
demonstrated and the issue is overruled. See Tex. R. Evid. 401; Allen v. State, 108 S.W.3d
281, 284 (Tex. Crim. App. 2003).

 We overrule all Gorman's issues and affirm the judgments of the trial court.


 Paul W. Green, Justice

Do not publish