Opinion issued November 22, 2006








     






In The
Court of Appeals
For The
First District of Texas




NOS. 01–06–00153–CR
          01–06–00154–CR
          01–06–00155–CR




LEONARD REED, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court 
Harris County, Texas
Trial Court Cause Nos. 1056023, 1056024, 1056025 




MEMORANDUM OPINION

          Following a joint jury trial on three separate indictments, appellant, Leonard
Reed, Jr., was convicted of aggravated assault


 and of two separate offenses of
aggravated sexual assault.


 See Tex. Pen. Code Ann. § 22.02 (Vernon Supp. 2005)
(aggravated assault); Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2005)
(aggravated sexual assault). The jury assessed punishment at 20 years for the
aggravated-assault offense and at 30 years for each of the aggravated-sexual assault
offenses. In three points of error, appellant complains that the trial court erred (1) by
admitting hearsay testimony, (2) by admitting testimony that was not relevant, and (3)
“by overruling appellant’s speculation objection and allowing the prosecutor to
continually side bar and badger appellant on cross-examination.”
          We affirm.
Background
          The complainant, B.P., and appellant were both school bus drivers for the
Houston Independent School District. Some months after the two began a romantic
relationship, appellant moved into B.P.’s home. B.P. eventually asked appellant to
move from her home because she felt that he was becoming too controlling. The
couple agreed that appellant would move out. 
          On April 24, 2005, B.P. was at home watching television in an upstairs room. 
Appellant was also there. Appellant told B.P. that he was concerned that he would
not be able to pay his bills after he moved out. B.P. told appellant that he could
possibly pick up a summer school bus route to make some money.
          Without any warning, appellant began hitting B.P. on her arms and lower body. 
B.P. attempted to get away by going down the stairs, but appellant grabbed her by the
hair and pulled her to the floor. Appellant continued to hit B.P. as she crawled down
the stairs. Once downstairs, B.P. fell on the floor against a couch with appellant
standing over her. B.P. was trying to get up from the floor when appellant pulled a
knife from his pocket. Appellant told B.P. that, if she got up, he would cut her with
the knife. As she lay on the floor, appellant kicked B.P. and stomped on her stomach. 
Appellant then forced B.P. to crawl to her bedroom. As she crawled, appellant
continued to kick B.P. 
          When they arrived in the bedroom, appellant forced B.P., at knife point, to
remove all of her clothes and lie on the bed. Appellant pulled his pants down and
penetrated B.P.’s vagina with his penis. Appellant then directed B.P. to turn over.
While B.P. was on her knees, appellant attempted to penetrate B.P.’s anus with his
penis. This caused B.P. pain and she fell down from her knees. Appellant next
placed his penis in B.P.’s mouth. 
          B.P. then told appellant that she needed to use the restroom. Appellant took
B.P. into the bathroom and placed her on the toilet. B.P. told appellant that she
wanted a drink of water, and appellant left to get it. Appellant returned to the
bathroom carrying the water and a roll of duct tape. Afer B.P. drank the water,
appellant used the tape to bind B.P.’s hands, ankles, and knees. Appellant took B.P.
back to her bedroom and laid her on the rug next to the bed.
          Appellant left the bedroom and returned with a wire coat hanger in his hand. 
B.P. saw appellant doing something with the wire hanger but could not tell exactly
what. After B.P. tried to talk to him, appellant placed a piece of tape over B.P.’s
mouth. Appellant left the room for awhile. When he returned, appellant was holding
the coat hanger with a pot holder. Appellant then used the coat hanger to burn his
initials into B.P.’s buttocks. After he had branded his initials into her skin, appellant
poured water over B.P. Appellant then sat B.P. up next to the bed and urinated on
her.
          Appellant then used the knife to cut the tape from B.P. and placed her in the
bathtub. Appellant told B.P. that he was sorry, bathed her, and dressed her. 
Appellant made B.P. something to eat and then the two spent the night together in
B.P.’s bed. B.P. stayed awake all night because she was afraid that, if she fell asleep,
appellant might kill her.
          In the morning, both appellant and B.P. went to work. While at work, B.P. told
her co-worker and close friend, Cathy Freeman, what appellant had done to her. B.P.
also showed Freeman the marks that appellant had made on her body. Freeman
convinced B.P. to contact the authorities about the incident. That same day, Freeman
took B.P. to the office of the Harris County Sheriff’s Department to report the attack,
where she was interviewed by Harris County sheriff’s deputy Glen Anderson. 
          Appellant was ultimately arrested. As a result of his attack on B.P., appellant
was charged with three offenses: aggravated assault and two instances of aggravated
sexual assault. The jury found appellant guilty and this appeal followed. Appellant
raises three points of error on appeal.
                                                  Hearsay Testimony
          In his first point of error, appellant contends that the trial court erred by
overruling his hearsay objection to Freeman’s trial testimony regarding what B.P. had
told her about the attack. Appellant contends that he was harmed by Freeman’s
testimony because it “bolster[ed] and corroborate[d]” B.P.’s trial testimony. 
          Assuming that the trial court abused its discretion when it overruled appellant’s
hearsay objection to Freeman’s testimony, such error was harmless. The admission
of inadmissible hearsay constitutes nonconstitutional error, and it will be considered
harmless if, after examining the record as a whole, we are fairly assured that the error
did not have a substantial and injurious effect or influence on the jury’s verdict. See
Tex. R. App. P. 44.2(b); Garcia v. State, 126 S.W.3d 921, 927 (Tex. Crim. App.
2004). An improper admission of evidence is not reversible error if the same or
similar evidence is admitted without objection at another point in the trial. Leday v.
State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); see Duncan v. State, 95 S.W.3d
669, 672 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (holding improper
admission of outcry testimony was harmless error because similar testimony was
admitted through complainant, pediatrician, and medical records).
          In this case, Freeman’s testimony did not provide information to the jury that
was not supplied by other testimony. B.P. testified without objection regarding the
attack. B.P.’s testimony was much more detailed than Freeman’s testimony. B.P.
told the jury step by step what appellant had done to her during the attack. In
contrast, Freeman’s testimony regarding what B.P. had told her was generalized,
omitting many of the details that B.P. related during her testimony. Moreover,
Deputy Anderson testified, without objection, regarding what B.P. had reported to
him regarding the attack. Deputy Anderson’s testimony was also much more detailed
than Freeman’s testimony regarding the specifics of both the aggravated assault and
the aggravated sexual assaults. 
          After examining the record as a whole, we are fairly assured that admitting
Freeman’s testimony did not have a substantial and injurious effect or influence on
the jury’s verdict; thus, we hold that the error was harmless.
          We overrule appellant’s first point of error.
Relevancy 
          In his second point of error, appellant contends that the trial court erred by
overruling his relevancy objection to the testimony of Virgil Johnson, who had a
sexual relationship with B.P. over a five-year period both before and after she was
assaulted by appellant. At trial, appellant objected on the ground of relevancy when
the State asked Johnson to “[d]escribe for us what the sexual relationship with [B.P.]
was like?” After the trial court overruled the objection, Johnson testified that “[t]he
sexual relationship was just basic sex.” Upon questioning by the State, Johnson
testified that he had never known B.P. to associate pain or violence with sex or sexual
pleasure and had never known B.P. to watch movies in which “pain and sex were
related . . . .” 
          Though on appeal he complains essentially of this whole line of questioning,
appellant objected at trial only to the State’s question that elicited the response that
Johnson and B.P. engaged in “basic sex.” Appellant did not renew his relevancy
objection or request a running objection on the State’s further questioning of Johnson
about the particulars of B.P.’s sexual preferences, practices, and proclivities. Thus,
appellant preserved his relevancy objection only to Johnson’s testimony that he and
B.P. had engaged in only “basic sex.” See Tex. R. App. P. 33.1(a); see also Valle v.
State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (applying principle that party
must object each time evidence is offered or obtain running objection). 
          Relevant evidence is evidence that has any tendency to make the existence of
any fact of consequence to the determination of the action more probable or less
probable than it would be without the evidence. Tex. R. Evid. 401. Generally, all
relevant evidence is admissible, and evidence that is not relevant is inadmissible. 
Tex. R. Evid. 402. Questions concerning the relevance of evidence should be left
largely to the trial court relying on its own observations and experience, and the
relevancy ruling will not be reversed absent an abuse of discretion. Goff v. State, 931
S.W.2d 537, 553 (Tex. Crim. App. 1996); Moreno v. State, 858 S.W.2d 453, 463
(Tex. Crim. App. 1993). 
          In his brief, appellant contends that “[t]he complainant’s sex life with a
completely different person does not make any fact that was of consequence to the
determination of the action more probable or less probable. But said testimony
bolstered complainant’s testimony and made no substantive contribution in the case
and should not have been allowed.” We disagree. 
          At trial, B.P.’s testimony indicated that she neither consented to sexual
intercourse with appellant on the day in question nor to appellant’s branding his
initials on her buttocks. In contrast, appellant testified that B.P. consented to the
sexual intercourse and had previously entered into an agreement with appellant that
each would brand the other with that person’s respective initials. At trial, appellant
testified that B.P. had branded him with her initials, a claim that B.P. denied. 
          In sum, the primary contested issue at trial was consent. Johnson’s testimony
tended to make it more probable that B.P. had not consented to a sexual encounter
with appellant involving sadomasochistic activities because she had not engaged in
such activities with Johnson prior to or after the assault.


 Johnson’s testimony was
not conclusive proof that B.P. had not consented; however, that is not determinative
of its relevancy. See Stewart v. State, 129 S.W.3d 93, 96 (Tex. Crim. App. 2004). 
As explained by the Court of Criminal Appeals, “Evidence need not by itself prove
or disprove a particular fact to be relevant; it is sufficient if the evidence provides a
small nudge toward proving or disproving some fact of consequence.” Id.
          We hold that the trial court did not abuse its discretion by admitting Johnson’s
testimony. 
          We overrule appellant’s second point of error.
Prosecutor’s Conduct During Cross-Examination
          In his third point of error, appellant contends that “[t]he trial court committed
reversible error by overruling appellant’s speculation objection and allowing the
prosecutor to continually side bar and badger appellant on cross-examination[,] which
denied appellant a fair trial and due process.” 
          To support his claim of prosecutorial misconduct, appellant cites two instances
during the State’s cross-examination of appellant in which the defense objected to the
prosecutor’s questioning.


 Appellant first cites an instance in which the defense
objected that the prosecutor’s question called for speculation. The following is the
line of questioning in which the objection occurred:
[Prosecutor]: So you decided to use duct tape?
 
[Appellant]: We decided.
 
[Prosecutor]: We decided. Because nothing says consent like a big roll
of duct tape around the head, does it?
 
[Appellant]: We both decided.
 
[Defense counsel]: Objection, Your Honor, speculation.
 
THE COURT: It’s overruled.

          The second instance of alleged improper conduct cited by appellant occurred
during the following line of questioning:
[Prosecutor]: Maybe [B.P.] didn’t know, and maybe she didn’t know
because you had a knife with you whenever you did it.
 
[Defense counsel]: Your Honor—
 
THE COURT: There was no question. Sustained.
 
[The defense]: I would ask—
 
THE COURT: Disregard the last comment by the prosecutor, ladies and
gentleman.
          On appeal, appellant argues, “The Trial Court’s failure to act on a proper
objection to a flagrant example of prosecutorial misconduct denied Appellant a fair
trial and therefore his right to due process.” To the extent that this argument is
directed at the first line of questioning in which appellant made a speculation
objection, appellant has not preserved his appellate complaint. The issue on appeal
must comport with the objection made at trial. See Wilson v. State, 71 S.W.3d 346,
349 (Tex. Crim. App. 2002). If the complaint on appeal asserts a different legal
theory or basis for objection than that raised at trial, the appellant fails to preserve any
issue for our review. Dixon v. State, 2 S .W.3d 263, 265 (Tex. Crim. App. 1998). At
trial, appellant objected to the prosecutor’s question about the duct tape on the ground
of speculation. On appeal, appellant equates it with prosecutorial misconduct, an
objection not made in the trial court. Thus, appellant has not preserved his appellate
complaint with regard to the first line of questioning he cites in his brief. See id.
          To the extent that appellant directs his appellate argument at the second line of
questioning cited above, appellant waived any error by failing to pursue his objection
to an adverse ruling when he did not request a mistrial after the trial court sustained
his objection and then instructed the jury to disregard the prosecutor’s comments. A
party must pursue its objection to an adverse ruling in the trial court to preserve error
on appeal. See Tex. R. App. P. 33.1; Ramirez v. State, 815 S.W.2d 636, 643 (Tex.
Crim. App. 1991). To obtain an adverse ruling, if the objection is sustained, a party
must then ask for an instruction to disregard. If the instruction is given, the party
must then move for a mistrial. Coe v. State, 683 S.W.2d 431, 436 (Tex. Crim. App.
1984); see Nethery v. State, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985). Here,
appellant did not move for a mistrial. In any event, an instruction to disregard
side-bar remarks will generally cure the error. See Todd v. State, 598 S.W.2d 286,
293–94 (Tex. Crim. App. 1980); Felder v. State, 564 S.W.2d 776, 779 (Tex. Crim.
App. 1978).
          Lastly, to the extent that appellant is contending that the cumulative effect of 
the prosecutor’s conduct during cross-examination denied him a fair trial and denied
him due process, such argument was not presented to the trial court. Thus, it is
waived. See Tex. R. App. P. 33.1.
          We overrule appellant’s third point of error.Conclusion
          We affirm the judgment of the trial court.




                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).