**Julla Sillera RIVERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39680.**

Court of Criminal Appeals of Texas.

June 25, 1966.

Rehearing Denied Oct. 19, 1966.

Leonard C. Kahn and Adolph Uzick, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Rough and Tom Dunn, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, 15 years.

In view of our disposition of this case a recitation of the facts is deemed unnecessary other than to state that it was appellant's defense that she shot her husband in self defense after he had physically abused her throughout the night. The State called Officer Perry, who testified that he went to the scene of the homicide and there talked with appellant and her daughter. He was asked if he had a conversation with appellant and if he had asked her about how the deceased received his injuries. When appellant's counsel objected and asked to examine the witness on voir dire, the jury was retired and the witness testified that appellant had made the statement, "He choke, I shoot."

At this juncture the appellant's counsel withdrew his objection and the jury was recalled. The State continued its examination of the witness, but having received an unfavorable answer, made no further reference to the officer's conversation with appellant. On cross examination of Officer Perry appellant sought to elicit the testimony which the witness had given in the

jury's absence, but the court sustained the State's objection thereto. In this, we have concluded, the court fell into error which deprived the appellant of valuable self defense testimony. The case most nearly in point to which appellant has called our attention is Trammell v. State, 145 Tex.Cr. R. 224, 167 S.W.2d 171. Since the State made the first inquiry about appellant's report of how the homicide had occurred, the appellant was entitled to develop the testimony fully.

Trammell v. State, supra, authorizes a reversal of this conviction. The judgment is reversed, and the cause is remanded.