Leon Davis BROWN and Percy Eugene Williams, Appellant,

v.

The STATE of Texas, Appellee.

No. 52675.

Court of Criminal Appeals of Texas.

June 29, 1977.

James E. Davis, Texarkana, Ark., and Charles M. Bleil, Texarkana, on appeal, for appellant.

Lynn Cooksey, Dist. Atty., Texarkana, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

These are appeals from convictions for capital murder. Appellants were tried jointly and the two punishment issues submitted to the jury were answered in the negative. Accordingly, the trial court assessed punishment for each appellant at life confinement in the Texas Department of Corrections.

The sufficiency of the evidence is not challenged. Briefly, the record reflects that the deceased was murdered in the course of a robbery while he was working at a pawn shop. The evidence shows that the deceased died as a result of gunshot wounds inflicted upon him. The appellants were arrested approximately 20 minutes after the shooting took place. Each appellant gave a voluntary statement, both admitting the robbery and one admitting the shooting.

■ Appellants initially contend that " . . . Article 19.03, Texas Penal Code, is unconstitutional for the reason the caption or title to the 1973 Act H.B. 200, appearing in Chapter 426 Acts, regular session of the 63rd Legislature of 1973, fails to meet the requirement of Article III, Section 35 of the Constitution of Texas, in that it embraces more than one subject and is therefore insufficient to inform the Legislature and the public of the full effect of the amendment."

In *Burns v. State*, 556 S.W.2d 270 (Tex.Cr.App., delivered May 3, 1977) and *Smith v. State*, 540 S.W.2d 693 (Tex.Cr.App.1976), the same contention was raised and it was rejected by this Court.

Appellants' first ground of error is overruled.

■ Appellants next complain that Article 37.071, V.A.C.C.P. " . . . confers upon the trial court standardless discretion in determining the evidence which may be presented as to any matter relative to sentence."

We note that Article 37.071 provides that "This subsection shall not be construed to authorize the introduction of any evidence secured in violation of the Constitution of the United States or of the State of Texas." *See also, Gholson v. State*, 542 S.W.2d 395, 397–398 (Tex.Cr.App.1976).

Appellants' second ground of error is overruled.

■ By their fifth ground of error, appellants contend that Article 37.071, V.A.C.C.P., is unconstitutional " . . . because the statute shifts the burden of proof to the defendant by requiring that in order to answer an issue ('No'), ten (10) or more jurors must agree."

At the guilt stage of the trial, in order to be acquitted, the defendant must receive 12 favorable votes. In order to convict, the State must receive 12 favorable votes. At the punishment stage of the trial, the procedure is the same with the exception that if the defendant has ten votes he receives a favorable verdict instead of a hung jury. Furthermore, Article 37.071(c) provides that "The State must prove each issue submitted beyond a reasonable doubt . . ." and in the case at bar the jury was so instructed.

Appellants' fifth ground of error is overruled.

■ By their sixth ground of error, appellants contend that Article 37.071 is unconstitutional " . . . because it denies defendants the right to an impartial jury in assessing punishment because Article 37.-071(b)(1) and (3) require the same finding as a finding of guilt under Article 19.03, Texas Penal Code."

In *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976), the Supreme Court of the United States upheld the Texas capital murder procedure and, in speak-

ing of the enumerated punishment issues provided by Article 37.071, stated that, "[t]hus, the constitutionality of the Texas procedures turns on whether the enumerated questions allow consideration of particularized mitigating factors." *Id.*, at 272, 96 S.Ct. at 2956.

While the second statutory question was discussed by the Supreme Court in *Jurek*, the Court had only this to say about the first and third questions enumerated in Article 37.071:

"The Texas Court of Criminal Appeals has not yet construed the first and third questions (which are set out in the text, *supra*, at 269, 96 S.Ct. at 2954–2955); thus it is as yet undetermined whether or not the jury's consideration of those questions would properly include consideration of mitigating circumstances. In at least some situations the questions could, however, comprehend such an inquiry. For example, the third question asks whether the conduct of the defendant was unreasonable in response to any provocation by the deceased. This might be construed to allow the jury to consider circumstances which, though not sufficient as a defense to the crime itself, might nevertheless have enough mitigating force to avoid the death penalty—a claim, for example, that a woman who hired an assassin to kill her husband was driven to it by his continued cruelty to her. We cannot, however, construe the statute; that power is reserved to the Texas courts." *Id.*, at 272, n. 7, 96 S.Ct. at 2956.

However, in this Court's opinion in *Jurek v. State*, 522 S.W.2d 934 (Tex.Cr.App.1975), we addressed the purpose of the punishment issues provided for in Article 37.071:

"These questions direct and guide [the jury's] deliberations. They channel the jury's consideration on punishment and effectively insure against the arbitrary and wanton imposition of the death penalty." *Id.*, at 939.

We hold that the punishment issues enumerated in Article 37.071(b)(1) and (3) serve the purpose of guiding the jury's punishment deliberations and do not deny a defendant the right to an impartial jury in assessing punishment.

Appellants' sixth ground of error is overruled.

■ In grounds of error three, four, seven and eight, appellants contend that the Texas capital murder procedure is unconstitutional because it "   .   .   .   allows the jury to decide case by case whether or not the death penalty shall be applied," "   .   .   confers upon the jury the power to determine the defendant's proclivity to commit criminal acts of violence in the future without setting forth any guidelines   .   .   .   ," "   .   .   .   is too vague to be interpreted by reasonable men," and "   .   .   .   makes an unreasonable classification in violation of rights secured to appellant by the equal protection clause   .   .   .   ."

Appellants argue the above points together and state that "The argument regarding the above points of error is essentially the same for each and raises the constitutional infirmities of the Texas death penalty statutes   .   .   .   ."

Appellants' contentions were answered adversely to them by the Supreme Court's decision upholding the constitutionality of the Texas death penalty procedure in *Jurek v. Texas, supra. See also, Jurek v. State, supra.*

Appellants' remaining grounds of error are overruled.

The judgment of the trial court is affirmed.