Charles EVANS, Appellant,

v.

The STATE of Texas, Appellee.

No. 63859.

Court of Criminal Appeals of Texas, En Banc.

July 16, 1980.

Robert A. Scardino, Jr., James T. Stafford, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Larry P. Urquhart and Keno Henderson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for capital murder. The jury affirmatively answered the first and second punishment issues. *See* Article 37.071(b)(1) and (2), V.A. C.C.P. Punishment was assessed at death.

Appellant urges that the trial court erred in refusing to submit the third punishment issue to the jury. Article 37.071(b)(3), V.A. C.C.P., provides as follows:

> (b) On conclusion of the presentation of the evidence, the court shall submit the following issues to the jury:
>
> > (3) if raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, by the deceased.

Appellant contends that this issue was raised by the evidence and that he timely requested the court to submit the issue to the jury. We agree with appellant's contention and reverse.

The record reflects that appellant entered a jewelry store armed with a pistol to commit a robbery. The manager of the store also had a pistol, and in an exchange of gunfire with appellant he was killed. At the guilt-or-innocence phase of appellant's trial, the State introduced into evidence parts of appellant's written confession. *See Harrington v. State*, 547 S.W.2d 616 (Tex. Cr.App.1977); *Otts v. State*, 116 S.W.2d 1084 (Tex.Cr.App.1938). The pertinent parts are as follows:

> . . . I headed toward the back counter, an old man stepped toward the counter like he was going to help me, there was another old woman sitting back be-

hind him. When I got to the counter I came up with the pistol, and jumped over it. The old man took a step back and then he came up with a pistol, I don't know where it came from. I started shooting and he shot. It all happened real fast . . . I didn't realize until after I got in the car that I had been hit. I was shot in the right thigh, it was a through and through shot.

On cross-examination of the police officer through whom the State had introduced parts of the confession, appellant introduced into evidence other parts of the confession. *See Harrington,* supra; *Otts,* supra. When the parts introduced by the State and appellant are combined, the pertinent parts read as follows (parts introduced by appellant are italicized):

. . . I headed toward the back counter, an old man stepped toward the counter like he was going to help me, there was another old woman sitting back behind him. When I got to the counter I came up with the pistol, and jumped over it. The old man took a step back and then he came up with a pistol, I don't know where it came from. *He had it pointed at me and he shot.* I started shooting and he shot *some more.* It all happened real fast . . . I didn't realize until after I got in the car that I had been hit. I was shot in the right thigh, it was a through and through shot.

\* \* \* \* \* \*

*I want to say that shooting that man was the fartherest* (sic) *thing in my mind, things just happened so fast.*

In urging that the third punishment issue was raised by the evidence, appellant relies primarily upon his confession. Appellant maintains that the confession "by its very language raises the issue of provocation."

In *Jurek v. State,* 522 S.W.2d 934 (Tex.Cr. App.1975), this Court held the death penalty statutes constitutional because they limited the standardless imposition of capital punishment. The Court assigned great weight to the role that the three punishment issues would play in limiting standardless jury discretion:

. . . These questions direct and guide their deliberations. They channel the jury's consideration on punishment and effectively insure against the arbitrary and wanton imposition of the death penalty.

In *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976), the Supreme Court agreed that the death penalty statutes were constitutional. The Court emphasized the critical role of the three punishment issues:

. . . The Texas statute does not explicitly speak of mitigating circumstances; it directs only that the jury answer three questions. Thus, *the constitutionality of the Texas procedures turns on whether the enumerated questions allow consideration of particularized mitigating factors.*

\* \* \* \* \* \*

The Texas Court of Criminal Appeals has not yet construed the first and third questions . . .; thus it is as yet undetermined whether or not the jury's consideration of those questions would properly include consideration of mitigating circumstances. In at least some situations the questions could, however, comprehend such an inquiry. For example, *the third question asks whether the conduct of the defendant was unreasonable in response to any provocation by the deceased. This might be construed to allow the jury to consider circumstances which, though not sufficient as a defense to the crime itself, might nevertheless have enough mitigating force to avoid the death penalty* . . . We cannot, however, construe the statute; that power is reserved to the Texas courts. [Emphasis added]

*Jurek v. Texas,* supra, at 272, 96 S.Ct. at 2956, and *id.* at note 7.

In *Brown v. State,* 554 S.W.2d 677 (Tex. Cr.App.1977), the defendant contended that

the third punishment issue merely requires the same finding as the finding of guilt on the capital murder charge. In essence, the defendant's argument was that the provocation issue asks no more than that the jury reconsider its earlier decision that the killing was murder rather than voluntary manslaughter or self-defense. Contrary to this contention, the Court in *Brown* adopted a broader view of the third punishment issue. Relying on its language in *Jurek v. State*, which is quoted above, the Court rejected appellant's claim that the third punishment issue requires no more than a reaffirmation of the guilty verdict.

This broader interpretation of the provocation issue is in accord with the views of at least one commentator. *See* Crump, *Capital Murder: The Issues in Texas*, 14 Hous.L. Rev. 531, 560 (1977). This commentator made the following comments concerning the kind of evidence required to raise the provocation issue:

> If read literally, the issue would apply only in situations wherein the offense is really voluntary manslaughter rather than capital murder. Indeed, the requirement that the killing be reasonable is a more difficult requirement to meet than that for reduction to manslaughter. It would appear, therefore, that the question ought to be submitted even in circumstances where the conduct is marginal in its reasonableness. Thus, *an imperfect self-defense issue, even if so imperfect that it would not justify reduction to manslaughter, should be considered sufficient to raise the issue and require the provocation question to be submitted.*
>
> *For example, the slight self-defense issue in Smith v. State, [540 S.W.2d 693 (Tex.Crim.App.1976)] which involved a prototypical claim of "hip-pocket motion" by the deceased, was sufficient to raise the provocation issue, and it was wisely submitted to the jury by the trial court.* [Emphasis added]

*Id.*

■ We reaffirm our holding in *Brown*, supra, and construe the third punishment issue to permit the jury to consider particularized mitigating circumstances. We specifically construe this issue to include the situation where the evidence raises an imperfect self-defense claim. We think the Legislature intended this type of situation to fall within the ambit of the third issue. A more restrictive interpretation would render this issue a virtual nullity, and we presume the Legislature did not intend such a result. We merely pause to observe that the construction we adopt today is similar to the possible construction mentioned by the Supreme Court in *Jurek v. Texas*.

■ When we apply our construction of the third punishment issue to the facts in the present case, it is clear beyond doubt that appellant was entitled to have this issue submitted to the jury. According to appellant's confession, before he fired any shots the manager of the jewelry store pointed a pistol at him and fired it. Because appellant entered the store with a pistol to commit a robbery, he had no legal right of self-defense against the manager. *See Davis v. State*, 597 S.W.2d 358 (1980); *Dickson v. State*, 463 S.W.2d 20 (Tex.Cr. App.1971). Appellant therefore was not entitled to have the self-defense issue submitted to the jury at the guilt-or-innocence phase of his trial. Nevertheless, his imperfect self-defense claim warranted submission of the provocation issue at the penalty phase.

Firing his pistol only after being fired upon rendered appellant less culpable than an armed robber who kills without provocation. The jury should have been allowed to consider this mitigating circumstance in the context of the third punishment issue. Appellant's imperfect self-defense claim may have been sufficiently mitigating to warrant a sentence of life imprisonment.

■ The sole purpose of the punishment issues is to aid the jury in determining whether the proper punishment is life imprisonment or death. Because the provocation issue was not submitted, the jury failed

to receive adequate guidance in its punishment deliberations, and its consideration of mitigating circumstances was limited. Such a result is contrary to this Court's decision in *Jurek v. State* and the Supreme Court's decision in *Jurek v. Texas.* We hold that the trial court erred in overruling appellant's request to have the third punishment issue submitted to the jury.

The State argues that failure to submit the provocation issue did not constitute reversible error for three reasons. First, the State contends that appellant's request for submission of the issue did not comply with Article 36.15, V.A.C.C.P. The record reflects the following oral request for submission of the provocation issue and the trial court's adverse ruling:

> MR. STAFFORD [Defense Counsel]: May I state the objection to the Court's charge.
>
> We respectfully request the Court at this time, in response to the Court's charge as to the punishment phase of the trial, that the Court submit special issue Number 3, under Article 37.071, because I think there is sufficient evidence before the Court, before the jury, to answer this question and we would respectfully ask the Court include such issue in this charge.
>
> THE COURT: Request is denied.

Article 36.15, supra, applies where either side presents special charges. Article 36.14, V.A.C.C.P., provides that "in no event shall it be necessary for the defendant or his counsel to present special requested charges to preserve or maintain any error assigned to the charge." Appellant's objection to the charge was sufficient to preserve error under Article 36.14, supra. *Dirck v. State,* 579 S.W.2d 198, 199 (Tex.Cr.App.1979, on appellant's motion for rehearing).

■ The State next contends that the parts of the confession that appellant introduced into evidence did not constitute substantive evidence and therefore could not raise the provocation issue. The State relies on 7 Wigmore, Evidence § 2113 (3d ed.

1940). This reliance is misplaced. A recent revision of this treatise shows that numerous courts, including this Court, have rejected the contention that the State advances. 7 Wigmore, Evidence § 2113 n. 7 (Chadbourn rev. 1978); *see Rivera v. State,* 406 S.W.2d 466 (Tex.Cr.App.1966); *Trammell v. State,* 167 S.W.2d 171 (Tex.Cr.App. 1942).

■ Finally, the State contends that the parts of the confession that appellant introduced into evidence did not raise the provocation issue, but merely showed that the deceased attempted to defend himself lawfully. The State further contends that the deceased's response was reasonably foreseeable, and therefore appellant was not entitled to have the provocation issue submitted.

The State's argument ignores the purpose of the punishment issues. They cannot relieve a defendant of criminal liability; they serve only to guide the jury's deliberations on punishment. That the deceased acted lawfully or that his conduct was reasonably foreseeable does not deprive appellant of his right to have the jury consider mitigating circumstances. The evidence raised the provocation issue, and it should have been submitted to the jury.

■ We also note an additional ground of error that requires us to reverse this judgment. Appellant contends that the trial court erred in overruling his motion to quash the indictment because it failed to state the name of the alleged robbery victim. We recently have held that overruling such a motion constitutes reversible error. *Brasfield v. State,* 600 S.W.2d 288 (opinion on State's motion for rehearing, decided 1980); *see King v. State,* 594 S.W.2d 425 (Tex.Cr.App.1980).

The judgment is reversed and the cause remanded.

ONION, Presiding Judge, concurring.

This appeal is from a conviction for capital murder committed during the course of

robbery. See V.T.C.A., Penal Code Sec. 19.03. Punishment was assessed at death in view of the jury's affirmative answers to special issues nos. 1 and 2 submitted under Article 37.071(b)(1) and (2), V.A.C.C.P.

At the outset we are confronted with appellant's contention that the trial court erred in overruling his timely presented motion to quash the indictment because it failed to allege the name of the robbery victim which was essential as part of the aggravation and to elevate the charged offense from murder (V.T.C.A., Penal Code Sec. 19.02) to capital murder (V.T.C.A., Penal Code Sec. 19.03). We have only recently held that overruling a timely presented motion to quash a capital murder indictment where the robbery victim was not alleged therein was reversible error. *Brasfield v. State*, 600 S.W.2d 288 (Opinion on State's Motion for Rehearing, 1980). See also *King v. State*, 594 S.W.2d 425 (Tex.Cr. App.1980).

I would adhere to *Brasfield* and reverse this conviction on that ground alone. I would not reach the question of whether the trial court also erred in not submitting the third special issue under Article 37.-071(b)(3), V.A.C.C.P., or whether the appellant properly preserved such error under Articles 36.14 and 36.15, V.A.C.C.P. in effect at the time of appellant's trial.

For the reasons stated, I concur.

ODOM, J., joins in this concurrence.

DOUGLAS, Judge, dissenting.

The conviction should not be reversed. The indictment should be held to be sufficient. See the dissenting opinion in *Brasfield v. State,* 600 S.W.2d 288 (Opinion on State's Motion for Rehearing, 1980).