Charles EVANS, Appellant,

v.

The STATE of Texas, Appellee.

No. B14-81-338-CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 29, 1982.

Rehearing Denied May 13, 1982.

James Stafford, Houston, for appellant.

Timothy G. Taft, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

MURPHY, Justice.

This appeal arises from Charles Evans' (appellant) conviction on his plea of not guilty by a jury for capital murder. Punishment was assessed at life imprisonment. This is the second appeal from appellant's conviction for this offense, the first, Cause No. 281,984, having been reversed in *Evans v. State*, 601 S.W.2d 943 (Tex.Cr.App.1980). In his eleven grounds of error appellant asserts violations of the fourth, fifth, sixth and fourteenth amendments to the Constitution and error in the trial court's refusal to charge the jury on a lesser included offense and give an instruction on circumstantial evidence. We affirm.

Armed with an arrest warrant based upon information given by an anonymous informant, eyewitnesses and individuals acquainted with appellant police arrested appellant on July 5, 1978. On July 6, 1978, Leonard Pitre (Pitre), appellant's co-defendant, gave police a statement implicating appellant in the June 29, 1978 attempted robbery and ensuing murder of Woodrow R. Schultz at the Bill Mathis Jewelry Store in Houston. Appellant made a written statement sometime after a line-up held July 7th admitting his participation in the offense. No counsel was present when appellant made his statement. The events surrounding the lineup are unclear as to presence of counsel for appellant.

Appellant's first, second and third grounds of error challenge the sufficiency of the affidavit supporting the arrest warrant and the legality of his arrest. The affidavit shows the information presented to the magistrate was gathered from several citizens including eyewitnesses and persons acquainted with appellant possessing personal knowledge of the events at issue and details concerning appellant, and an informant. Although the affidavit fails to meet the Aguilar-Spinelli test prong concerning the informant's source of information, we find it sufficiently corroborated by the information provided by the other individuals as well as police observation to provide probable cause to support a legal arrest. *Aguilar v. Texas*, 378 U.S. 108, 114–15, 84 S.Ct. 1509, 1513–1514, 12 L.Ed.2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 412–413, 89 S.Ct. 584, 586–587, 21 L.Ed.2d 637 (1969); *Draper v. United States*, 358 U.S. 307, 313–314, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959); *Wood v. State*, 573 S.W.2d 207, 212 (Tex.Cr.App.1978). *See also, Gish v. State*, 606 S.W.2d 883 (Tex. Crim.App.1980). On the basis of the above authorities, we overrule appellant's first through third grounds of error.

Appellant's fourth ground of error contends appellant's confession was obtained by police exploitation of his detention following an illegal arrest. We have found appellant's arrest to be legal and accordingly overrule his fourth ground of error.

Appellant's fifth ground of error contends the trial court erred by admitting line-up identification evidence because appellant had not waived his right to counsel and no counsel was present. The record indicates Pitre and Mr. Naron (Naron), an attorney, were present just before the line-up proceeding and appellant indicated Naron would be his counsel to Detective J. L. Bonds. Bonds advised appellant that because Naron was apparently representing Pitre, a conflict of interest would arise and he should seek other counsel. Appellant apparently demurred to that opinion because he indicated that Naron's presence satisfied him. No one present at the time clarified who was representing whom, but the line-up document indicates appellant had not waived his right to counsel and Naron as the attorney present. An accused's right to counsel attaches upon the initiation of adversary proceedings, e.g., as here, at a line-up after indictment. *Kirby v. Illinois*, 406 U.S. 682, 684, 690, 92 S.Ct. 1877, 1879, 1882, 32 L.Ed.2d 411 (1972). Constitutional error may be viewed as harmless where the judgment was not substantially swayed by that error. *United States v. Jennings*, 527 F.2d 862, 868 (5th Cir. 1976); *United States v. Steinkoenig*, 487 F.2d 225, 229 (5th Cir. 1973); *Beck v. State*, 583 S.W.2d 338, 347 (Tex.Cr.App. 1979); *Jordan v. State*, 576 S.W.2d 825, 829 (Tex.Cr.App.1978). We conclude any error occurring at the line-up is harmless. Several witnesses at the line-up identified appellant in court and their in-court identifications were based upon facts and circumstances independent of the line-up, e.g., Mrs. Futrell's opportunity to observe appellant lurking in front of her store before the offense occurred. In light of the above authorities, the overwhelming evidence against appellant and his confession, which we discuss below, we overrule appellant's fifth ground of error.

Appellant's sixth ground of error contends the trial court improperly admitted his statement. The record shows appellant made his statement approximately 12 hours after his arrest. Prior to his confession homicide detective J. L. Bonds, told appellant Pitre had made a statement implicating appellant and that he had been identified at the line-up. The only individual appellant requested to speak to prior to making his statement was Ms. Donna Burrell, appellant's common-law wife. After a private conversation with Ms. Burrell, appellant made his statement in the presence of detectives Bonds and Wendell, and a Houston Chronicle reporter. The record shows he received and understood the legal warnings given prior to his confession and signed the waiver on the confession form. At trial, the court held a separate hearing to determine the voluntariness of the statement as required in Tex.Code Crim.Pro. Ann. art. 38.22 (Vernon Supp. 1982), and found appellant had freely, intelligently and voluntarily made the statement having waived his right to counsel. The situation before us parallels *Kelly v. State*, 621 S.W.2d 176 (Tex.Cr.App.1981). In that case, the appellant did not request counsel nor indicate he desired counsel and made his statement after conferring with family members and his pastor. The Court of Criminal Appeals held the decision to confess came as a result of private discussion with his family and not as the product of custodial interrogation. The case before us, therefore, is distinguishable from *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Accordingly, we overrule appellant's sixth ground of error.

In his seventh ground of error appellant asserts the evidence is insufficient to support his conviction because the state failed to prove the corpus delicti of the robbery. Proof of the corpus delicti of the offense charged need not be independent of an extrajudicial confession but instead may corroborate the confession. *Wilder v. State*, 583 S.W.2d 349, 364 (Tex.Cr.App. 1979); *Honea v. State*, 585 S.W.2d 681, 684 (Tex.Cr.App.1979). If there is some evidence corroborating the confession, the state has met its burden to prove the corpus delicti. *Id.; See also, Batterbee v. State*, 537 S.W.2d 12 (Tex.Cr.App.1973). The record contains abundant evidence provided by eyewitnesses to the events of June 29, 1978 which prove appellant was intending to rob the jewelry store when he murdered Mr.

Schultz. We overrule appellant's seventh ground of error.

 Appellant asserts a double jeopardy contention and prejudice due to the trial court's denying his application for an interlocutory appeal in his eighth and ninth grounds of error. He contends his re-trial was barred because his initial conviction was supported by insufficient evidence. The Court of Criminal Appeals based its reversal on grounds other than sufficiency of the evidence and further stated that the evidence showed appellant entered the store armed in order to commit a robbery. *Evans v. State, supra,* at 944. Although the court did not address the sufficiency of the evidence, and subsequent authority suggests the court will do so in the future, we find the court's above statement indicates there was sufficient evidence to prove appellant's intentions. We also note that appellant did not move that court rehear his sufficiency of the evidence contentions. A re-trial is not barred where a conviction is reversed upon grounds other than sufficiency of the evidence. *United States v. Scott,* 437 U.S. 82, 91–92, 98 S.Ct. 2187, 2193–2194, 57 L.Ed.2d 65 (1978); *Ex Parte Duran,* 581 S.W.2d 683 (Tex.Cr.App. 1979). Accordingly, we overrule appellant's double jeopardy contention. As to his contention concerning his application for an interlocutory appeal, we find it without merit and overrule it based upon our discussion of his double jeopardy claim.

Appellant's tenth ground of error asserts the court erred in refusing to charge the jury on the lesser included offense of murder over appellant's objection. A charge on a lesser included offense is required only where: (1) the proof of the lesser offense is included within that necessary to establish the offense charged; and (2) some evidence indicates the accused is only guilty of that lesser offense, if guilty at all. *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Cr.App.1981); *Simpkins v. State,* 590 S.W.2d 129, 134 (Tex.Cr.App.1979). There is no evidence to show appellant is only guilty of murder. Accordingly, we overrule his tenth ground of error.

Finally, appellant contends the trial court erred in refusing to instruct the jury on the law of circumstantial evidence. The law requires no such instruction if there is direct evidence of the main facts essential for conviction. *Faulk v. State,* 608 S.W.2d 625, 628 (Tex.Cr.App.1980); *Romo v. State,* 593 S.W.2d 690, 692 (Tex.Cr.App. 1980). Appellant's confession and further evidence provided by the witnesses provide direct evidence which preclude a circumstantial evidence instruction. We overrule appellant's final contention and affirm the trial court's judgment.

Affirmed.