

# NUMBER 13-19-00595-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**RAHEEM DAVON JONES,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

### On appeal from the 377th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides

A jury convicted appellant Raheem Davon Jones of murder, a first-degree felony, and assessed his punishment at thirty years' imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.32, 19.02. By a single issue, Jones submits that the trial court erred in denying his request for a self-defense instruction. We affirm.

## I.     BACKGROUND

On the evening of June 7, 2016, school was out for the summer and two separate groups of teenagers were hanging out and smoking marijuana. One of those teenagers, eighteen-year-old Vonsell Ramirez, had been selling drugs for about a year. He was five feet, eight inches tall and weighed around 130 pounds.

Jones was in the other group. He was nineteen years old at the time and had played quarterback for Calhoun High School. Later in the evening, Jones called Ramirez to purchase some marijuana and Xanax, and Ramirez told Jones to meet him outside his house. Jones arrived in a red truck with Marissa Martinez, Kenny Freeman, and Benny Snell. Ramirez was with his fifteen-year-old brother Jordan Brooks and their fifteen-year-old friend Cyncere Parker. The three of them met Jones in the street in front of Ramirez's house.

According to Parker, instead of paying for the drugs, Jones snatched them out of Ramirez's hand and slapped him hard in the face. Parker testified that both brothers then swung at Jones at different times but missed. Having backed up against the tailgate of the truck, Jones produced an empty beer bottle from his back pocket, and as Ramirez started to take another swing, Jones hit him across the face and neck with the bottle. The bottle shattered, causing an incised wound across Ramirez's neck, including his jugular vein. Jones fled in the truck, and Ramirez bled out before emergency medical personnel arrived.

Brooks agreed that Jones took the drugs without paying, but testified that instead of slapping Ramirez, Jones initiated the altercation by striking Ramirez with the empty

2

bottle: "He acted like he was going to pay for it; and then he reached in his back pocket, which is where the bottle was, and hit my brother with it to try to blindside him." Brooks testified that he noticed the empty beer bottle in Jones's back pocket before the altercation but did not think anything of it at the time.

Ramirez's autopsy noted "[n]umerous abrasions" on the knuckles of his right hand. There was no testimony or other evidence about the source of these abrasions, when they occurred, or whether they were consistent with punching someone.

Martinez, the driver of the red truck, testified as an accomplice witness. The State agreed not to use her testimony against her in a later prosecution, but she did not enter into a plea agreement in exchange for her testimony. After Jones called Ramirez to purchase the drugs, she overheard Jones ask Snell, "Do you think it's suspicious that I'm ordering too much?" She also heard Jones say that he wanted to rob Ramirez. Martinez said that she became concerned, but that Snell reassured her that Jones "had the money to buy whatever he wanted." According to Martinez, when they arrived at Ramirez's, Jones got out of the vehicle holding a steering wheel lock, and either Martinez or Snell got out of the vehicle and took it from him. Later, Martinez heard what sounded like glass breaking, but she claimed not to see what transpired because she was inside the truck, which was facing the opposite direction of the altercation. As they were driving away, Jones joked about how he dropped some of the Xanax pills. At some point afterward, Martinez texted her friend and said something to the effect of, "They hit [Ramirez] and stole his shit."

Neither Freeman nor Snell, the other two occupants of the truck, were called to testify, and Jones did not testify in his defense. Thus, the only witnesses who testified about the sequence of events that precipitated the altercation were Brooks and Parker, and both testified that Jones was the aggressor and took the drugs without paying for them. The trial court denied Jones's request for a self-defense instruction because "the evidence demonstrated that [Jones] in this case was engaging in criminal activity, also that he provoked the difficulty." The jury returned a guilty verdict, and this appeal ensued.

## II.    STANDARD OF REVIEW & APPLICABLE LAW

The trial court is required to instruct the jury on statutory defenses, affirmative defenses, and justifications whenever they are raised by the evidence. TEX. PENAL CODE ANN. §§ 2.03(d), 2.04(c); *Walters v. State*, 247 S.W.3d 204, 208–09 (Tex. Crim. App. 2007). "A defendant is entitled to an instruction on self-defense if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense." *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001). However, if the evidence, viewed in the light most favorable to the defendant, does not support a rational finding of self-defense, the defendant is not entitled to an instruction on the issue. *Id.* Whether the evidence sufficiently raises self-defense is a question of law. *Shaw v. State*, 243 S.W.3d 647, 658 (Tex. Crim. App. 2007).

A person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect against the other's use or attempted use of unlawful force. TEX. PENAL CODE ANN. § 9.31(a). A person is justified

4

in using deadly force against another if he would be justified in using force, and he reasonably believes deadly force is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly force. *Id.* § 9.32(a).

### III.    ANALYSIS

Jones contends that provocation and engaging in criminal activity are fact issues that when raised by the evidence should be included in the court's charge as limitations on self-defense. *See id.* § 9.31(a)(2), (3).

However, in addition to a limiting instruction, the provocation doctrine can also act as a total bar on a defendant's right to self-defense. *Smith v. State*, 965 S.W.2d 509, 512 (Tex. Crim. App. 1998). Commonly referred to as "provoking the difficulty," the doctrine has long roots in Texas common law: "If a person by his own willful and wrongful act bring[s] about the necessity of taking the life of another to prevent being killed himself, he cannot say or claim that such killing was in his own necessary self-defense, for the law then imputes to him his own wrong and its consequences." *Mason v. State*, 88 Tex. Crim. 642, 646, 228 S.W. 952, 955 (1921). The provocation doctrine is now codified in § 9.31(b)(4) of the penal code. *See* TEX. PENAL CODE ANN. § 9.31(b)(4). That section provides that the use of force against another is *not* justified if the actor provoked the other's use or attempted use of unlawful force, unless:

> (A) the actor abandons the encounter, or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter; and

> (B) the other nevertheless continues or attempts to use unlawful force against the actor[.]

*Id.* Thus, "[i]f the defendant admits the intent to provoke or the evidence clearly

5

establishes that intent and the defendant does not present any counter-evidence, provocation can be established as a matter of law." *Halbert v. State*, 881 S.W.2d 121, 126 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (citing *Coble v. State*, 871 S.W.2d 192, 202 (Tex. Crim. App. 1993)). When the evidence establishes as a matter of law that force is not justified in self-defense, no instruction is required. *Coble*, 871 S.W.2d at 202 (finding evidence did not raise self-defense because appellant initiated the encounter, and "it was [the victim] who was acting in self-defense"); *Lockhart v. State*, 847 S.W.2d 568, 574–75 (Tex. Crim. App. 1992) (concluding evidence did not sufficiently raise self-defense where the defendant initiated the altercation resulting in the victim's death); *Dyson v. State*, 672 S.W.2d 460, 464–65 (Tex. Crim. App. 1984) ("[P]rovocation is not a fact issue since appellant, by his own testimony, established that he intended to provoke a confrontation with his brother."); *see also Reyes v. State*, No. 13-16-00147-CR, 2017 WL 6546277, at *4 (Tex. App.—Corpus Christi–Edinburg Mar. 9, 2017, pet. ref'd) (mem. op., not designated for publication); *Bonner v. State*, No. 13-13-00626-CR, 2015 WL 4141114, at *2–3 (Tex. App.—Corpus Christi–Edinburg July 9, 2015, no pet.) (mem. op., not designated for publication).

Relatedly, and more specific to this case, "a robber has no right of self-defense against his victim." *Westley v. State*, 754 S.W.2d 224, 230 (Tex. Crim. App. 1988); *Smith v. State*, 676 S.W.2d 379, 393 (Tex. Crim. App. 1984); *Evans v. State*, 601 S.W.2d 943, 946 (Tex. Crim. App. 1980); *see also Macias v. State*, No. 08-17-00144-CR, 2019 WL 4058584, at *5 (Tex. App.—El Paso Aug. 28, 2019, pet. ref'd) (not designated for publication) ("[A] defendant who is charged with the offense of robbery and/or aggravated

6

robbery has no legal right to claim self-defense against his intended victim, and [he] is therefore not entitled to receive a self-defense instruction."); *Russell v. State*, No. 05-17-00124-CR, 2018 WL 525559, at *10 (Tex. App —Dallas Jan. 24, 2018, pet. ref'd) (mem. op., not designated for publication) (same); *Gorman v. State*, No. 04-03-00311-CR, 2004 WL 2450875, at *1 (Tex. App.—San Antonio Nov. 3, 2004, pet. ref'd) (mem. op., not designated for publication) (same); *Toliver v. State*, No. 01-87-00591-CR, 1988 WL 15126, at *1 (Tex. App.—Houston [1st Dist.] Feb. 25, 1988, pet ref'd) (not designated for publication) (same). "This is especially true when the victim is justified in acting to recover his property, prevent the offense[,] or save another person." *Westley*, 754 S.W.2d at 230 (citing *Davis v. State*, 597 S.W.2d 358 (Tex. Crim. App. 1980)). As the Texas Court of Criminal Appeals once put it, the idea that a robber could be justified in using illegal force against his victim is "ludicrous." *Id.*

In this case, Jones was indicted on one count of capital murder for intentionally causing Ramirez's death while in the course of committing a robbery. *See* TEX. PENAL CODE ANN. § 19.03(a)(2). He was also indicted separately for aggravated robbery for intentionally and knowingly causing serious bodily injury to Ramirez while committing theft of property. *See id.* § 29.03(a)(1). Ultimately, after the State abandoned the capital murder charge, Jones was convicted of the lesser included offense of first-degree murder under alternative theories: (1) he intended to cause serious bodily injury and committed an act clearly dangerous to human life that caused Ramirez's death; or (2) he committed or attempted to commit the felony of robbery, and in the course of and in furtherance of the commission of that robbery, he committed an act clearly dangerous to human life that

7

caused Ramirez's death. *See id.* § 19.02(b)(2), (3). Regardless, the uncontroverted evidence presented at trial was that Jones executed his plan to take Ramirez's property by force. Viewing the evidence in the light most favorable to Jones, he slapped Ramirez in the face with one hand as he grabbed the drugs with his other hand. In other words, the evidence conclusively established that Jones was in the course of robbing Ramirez when he killed him. *See id.* § 29.02(a)(1). As such, Jones had no legal right of self-defense against Ramirez. *See Westley*, 754 S.W.2d at 230; *Smith*, 676 S.W.2d at 393; *Evans*, 601 S.W.2d at 946; *see also Macias*, 2019 WL 4058584, at \*5; *Russell*, 2018 WL 525559, at \*10; *Gorman*, 2004 WL 2450875, at \*1; *Toliver*, 1988 WL 15126, at \*1. We overrule Jones's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
22nd day of April, 2021.

8